In the Matter of East River Savings Bank, Petitioner, against Morsyl Realty Corporation, Respondent.

Supreme Court, Special Term, Kings County, March 2, 1945.

*William J. Kramer* for respondent.

*Bernard, Remsen, Nobiletti & Millham* for petitioner.

Nova, J. In a special proceeding to secure the application of surplus moneys pursuant to the provisions of section 1077-c of the Civil Practice Act challenge is made to the sufficiency of service of the order to show cause. By the terms of such order service was directed to be made on William J. Kramer " on behalf of respondent Morsyl Realty Corporation." The latter is a domestic corporation and the present owner of the mortgaged premises. The said Kramer was one of its incorporators and has at times appeared as its attorney. By letter addressed to petitioner bank (owner of the mortgage) under date of January 21, 1944, he represented himself as authorized on behalf of the Morsyl Corporation " to receive all communications and bills on its behalf."

Appearing specially to vacate service upon him, such attorney now states that his authority to act for the said corporation was limited and does not embrace the receipt of the notice herein sought to be effected. He states that he " is neither an officer or managing agent of said respondent corporation and is in no

way connected with the said respondent except as their attorney." Such claim is in nowise disproved.

Service herein sought to be effected is, in my opinion, jurisdictional in scope inasmuch as failure to comply with the provisions of the moratorium statute would give petitioner the right to foreclose its mortgage.

While the court may sympathize with petitioner's difficulty in its attempt to contact a responsible corporate officer or agent, petitioner is not without remedy under the corporation laws. (See Stock Corporation Law, §§ 24, 25.)

The application to vacate service is granted.